**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES L. WALKER,<br>Appellant, | DOCKET NUMBER<br>SF-1221-21-0305-W-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: October 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James L. Walker, Helendale, California, pro se.

Robert Aghassi, Veronica Hale, and Emelia M. Sanchez,
  Barstow, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction, as untimely filed, and barred by collateral estoppel. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. The initial decision is MODIFIED to find that, although the administrative judge should have dismissed the claims that had been decided in the August 15, 2018 initial decision under the doctrine of adjudicatory efficiency and not collateral estoppel, because the Board has issued a final order in the prior case, it is now proper to bar those claims under collateral estoppel. We otherwise AFFIRM the initial decision.

## BACKGROUND

On February 20, 2018, the appellant filed a complaint with the Office of Special Counsel (OSC), designated as OSC File No. MA-18-2306 (hereafter referred to as 2306 OSC complaint), alleging that the agency suspended him on October 10, 2017, and February 19, 2018, in reprisal for his protected disclosures and activities.[2] *Walker v. Department of the Navy*, MSPB Docket No. SF-1221-18-0510-W-1, Initial Appeal File (0510 IAF), Tab 4 at 5-11. OSC informed the

---

[2] The appellant also filed a complaint with OSC in October 2017, in which he alleged that the agency suspended him in August 2017 for filing a claim with the Office of Workers' Compensation Programs. *Walker v. Department of the Navy*, MSPB Docket No. SF-1221-18-0510-W-1, Initial Appeal File, Tab 13 at 74-82. It is not clear from the record what action(s) OSC took regarding this complaint, but the appellant has not made any allegations raised in that complaint in this appeal, so we need not further discuss it.

appellant that it was closing its investigation into that complaint in an April 26, 2018 letter because it appeared that he had elected to contest the suspensions through a negotiated grievance procedure. *Id*. at 2. The appellant filed an IRA appeal with the Board on May 7, 2018. 0510 IAF, Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction in an August 15, 2018 initial decision, and the appellant filed a petition for review. *Walker v. Department of the Navy*, MSPB Docket No. SF-1221-18-0510-W-1, Initial Decision (Aug. 15, 2018); *Walker v. Department of the Navy*, MSPB Docket No. SF-1221-18-0510-W-1, Petition for Review File, Tab 3.

While that petition for review was pending before the Board, the appellant filed the instant IRA appeal on April 9, 2021. *Walker v. Department of the Navy*, MSPB Docket No. SF-1221-21-0305-W-1, Initial Appeal File (0305 IAF), Tab 1. In this appeal, the appellant again submitted OSC's April 26, 2018 close-out letter and raised both the October 2017 and February 2018 suspensions discussed above.[3] *Id*. at 4, 9-10, 14. The administrative judge issued a series of orders identifying the issues raised by the appeal, informing the appellant of the elements and burdens of proof, and affording the parties the opportunity to submit evidence and arguments. 0305 IAF, Tabs 2-4, 12. In response, among other things, the appellant submitted a May 30, 2019 OSC close-out letter regarding what appears to be a second OSC complaint, OSC File No. MA-19-3731

---

[3] The appellant included with his appeal a Standard Form 50 documenting a May 28, 2019 14-day suspension. 0305 IAF, Tab 1 at 11. A suspension of 14 days is not within the Board's jurisdiction as an otherwise appeal action, 5 U.S.C. § 7512(2), but is a personnel action for purposes of the Board jurisdiction over IRA appeals, *Smith v. Department of the Army*, 80 M.S.P.R. 311, ¶ 11 (1998). As there is no evidence that the appellant exhausted this matter with OSC, there is no basis for the Board to exercise IRA appeal jurisdiction over it. *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 4 (2014) (stating that the first element of Board jurisdiction over an IRA appeal is exhaustion of administrative remedies with OSC); *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11 (holding that exhaustion requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation). Thus, we will not consider the May 28, 2019 suspension further.

(hereafter referred to as 3731 OSC complaint). 0305 IAF, Tab 10 at 4. After considering the record evidence, the administrative judge dismissed the appeal in a May 19, 2021 initial decision. 0305 IAF, Tab 22, Initial Decision (0305 ID). Among other things, the administrative judge found that, because the May 30, 2019 OSC close-out letter described the appellant's claim in his second OSC complaint as reprisal for equal employment opportunity (EEO) activity, the appellant's disclosures were not protected under the whistleblower protection statutes. *Id*. at 12. The administrative judge also found that, based on a consideration of both OSC close-out letters, the appeal was untimely filed and the appellant did not show that circumstances warranted the invocation of equitable tolling. *Id*. at 13-14. Finally, the administrative judge found that collateral estoppel barred relitigation of the issues previously addressed in the August 15, 2018 initial decision, which, as noted, was based on OSC's April 26, 2018 close-out letter regarding the appellant's February 20, 2018 OSC complaint. *Id*. at 15-16.

The appellant has filed a petition for review of the initial decision asserting, among other things, that his appeal was timely filed and that equitable tolling should apply. *Walker v. Department of the Navy*, MSPB Docket No. SF-1221-21-0305-W-1, Petition for Review (0305 PFR) File, Tab 1. The agency has responded in opposition to the petition for review, to which the appellant has replied. 0305 PFR File, Tabs 3-4. After the record on review closed in this case, the Board issued a final order in the appellant's prior appeal. *Walker v. Department of the Navy*, MSPB Docket No. SF-1221-18-0510-W-1, Final Order (May 21, 2024). In that order, the Board denied the appellant's petition for review but vacated the initial decision and dismissed the appeal for lack of jurisdiction. *Id.*

The administrative judge erred in finding that the claims decided in the August 15, 2018 initial decision were barred by the doctrine of collateral estoppel, but his error did not harm the appellant's substantive rights.

As discussed above, in the May 19, 2021 initial decision, the administrative judge found that collateral estoppel precluded the appellant's appeal of the matters addressed in the August 15, 2018 initial decision. Collateral estoppel is appropriate when the following conditions are met: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Collateral estoppel bars the relitigation of issues that have previously been fully litigated and made part of a final judgment. *Zgonc v. Department of Defense,* 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd,* 230 F. App'x 967 (Fed. Cir. 2007).

As the administrative judge noted in his initial decision, at the time he issued the decision the Board had not yet ruled on the appellant's petition for review of the August 15, 2018 initial decision. 0305 ID at 2, 7, 15-16. Thus, because the initial decision in the prior appeal was not yet final, the administrative judge erred in dismissing this appeal by applying the doctrine of collateral estoppel.

When an appellant files an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued, but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013). In other words, the Board will

dismiss on the basis of adjudicatory efficiency when an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Id.* Although the administrative judge should have dismissed this appeal on the basis of adjudicatory efficiency, because the Board has now issued a final decision in the prior appeal, as explained below, we find that this appeal is now barred by collateral estoppel.

Considering the conditions necessary for application of collateral estoppel, first, we find that the issues in the two appeals were identical because, in both appeals the appellant was alleging that the October 2017 and February 2018 suspensions were taken in retaliation for his protected disclosures. In fact, the appellant submitted the close-out letter from the 2306 OSC complaint in support of his claim that he had exhausted his remedies with OSC as to both appeals. Further, the Board dismissed the prior appeal for lack of jurisdiction, so the appellant's claims were actually litigated in that appeal and necessary to the judgment. *See Luecht v. Department of the Navy,* 87 M.S.P.R. 297, ¶ 16 (2000) (finding that the appellant was collaterally estopped from asserting an issue he had raised in a previous appeal that was dismissed for lack of jurisdiction). Finally, the appellant was a party to the prior appeal and therefore had a full and fair opportunity to litigate the issues. Accordingly, because we find that collateral estoppel is now applicable as a basis for dismissal of this appeal, the administrative judge's error in prematurely dismissing this appeal under collateral estoppel did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).[4]

[4] In the Final Order dismissing the appellant's prior IRA appeal for lack of jurisdiction, the Board found that only the claims raised in the 2306 OSC complaint were at issue in that appeal. *Walker*, MSPB Docket No. SF-1221-18-0510-W-1, Final Order, ¶¶ 13-14. As discussed above, in this appeal the appellant submitted a May 30, 2019 OSC letter notifying him that it was closing its investigation into the 3731 OSC complaint. The administrative judge found that, because that letter described the appellant's claim as

<u>The administrative judge correctly found as an alternative disposition that the appeal was untimely filed and equitable tolling did not apply.</u>

As noted above, OSC closed its inquiry into the appellant's complaints on April 26, 2018, and May 30, 2019, and the appellant filed the instant appeal on April 9, 2021.  0510 IAF, Tab 4 at 2; 0305 IAF, Tabs 1, 10 at 4.  Pursuant to 5 U.S.C. § 1214(a)(3)(A)(ii), any appellant who wishes to seek corrective action with the Board must do so within 60 days from an OSC close-out letter.  Under the Board's regulations implementing the statutory limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the appellant shows that the letter is received more than 5 days after its issuance, within 60 days of the date of receipt.  5 C.F.R. § 1209.5(a)(1).  Unlike the Board's regulatory time limits for appeals filed under 5 U.S.C. § 7701, the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so.  *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 9 (2014).  Nonetheless, the filing deadline might be subject to equitable tolling, under which the filing period is suspended for equitable reasons, such as when the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass.  *Id*., ¶ 10; 5 C.F.R. § 1209.5(b).

Below, despite receiving notice regarding the untimeliness of the appeal, the appellant did not address that issue.  Because the appellant made no allegation

reprisal for EEO activity, the appellant's disclosures were not protected under the Whistleblower Protection Enhancement Act of 2012.  0305 ID at 12.  The appellant does not specifically challenge this finding on review, and we discern no error in the administrative judge's reasoning. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 10 (holding that filing an EEO complaint is a matter relating solely to discrimination and is not protected by 5 U.S.C. § 2302(b)(8)), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 07, 2023); *Williams v. Department of Defense*, 46 M.S.P.R. 549, 554 (1991).  Likewise, there is no indication in the record that the substance of the appellant's EEO complaint sought to remedy a violation of 5 U.S.C. § 2302(b)(8), and thus, the complaint does not constitute protected activity under 5 U.S.C. § 2302(b)(9) (A)(i).  Accordingly, the administrative judge correctly found that the Board lacked jurisdiction over the claim. *Edwards*, 2022 MSPB 9, ¶¶ 24-25; *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

that he received either of OSC's close-out letters more than 5 days after they were issued, he had 65 days after OSC's issuance of the letters to file his IRA appeal. *See* 5 C.F.R. §§ 1201.23, 1209.5(a)(1). Thus, to the extent he intended to file an IRA appeal based on the May 30, 2019 close-out letter, the deadline to file this IRA appeal was August 3, 2019. The appellant did not file his appeal until April 9, 2021. If the appellant is alleging that his IRA appeal was based on OSC's April 26, 2018 close-out letter, it is even more untimely filed.

The appellant alleges on review that the administrative judge erred by not applying the doctrine of equitable tolling. 0305 PFR File, Tab 1 at 3. However, he does not explain why he believes the administrative judge erred. *Id*. Equitable tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Heimberger*, 121 M.S.P.R. 10, ¶ 10; 5 C.F.R. § 1209.5(b). We find that there is no basis to disturb the administrative judge's finding that equitable tolling did not apply.[5]

In sum, we find that, although the administrative judge improperly applied the doctrine of collateral estoppel in dismissing the appeal, collateral estoppel is now applicable and bars this appeal. Further, even if collateral estoppel did not apply, we find that the appeal was untimely filed and the appellant has not shown that the filing delay should be equitably tolled.

---

[5] The appellant also asserts on review, without explanation, that he made a nonfrivolous allegation of jurisdiction, that agency witnesses made false statements, and that he was tricked into entering into a settlement agreement. 0305 PFR File, Tab 1 at 3. None of these claims are relevant to the timeliness issue or the application of a preclusive doctrine. To the extent that the appellant is asserting that the Board has jurisdiction over this appeal, the appellant does not explain the basis for such a conclusion. *Id*. The appellant attaches to his petition for review a number of documents, most of which are included in the record below. *Id*. at 5-35. The appellant submits for the first time on review an affidavit and rebuttal from an EEO investigation, but he has not shown how this document is relevant to the dispositive issues in this appeal or why he could not have presented it prior to the close of the record below. 0305 PFR File, Tab 1 at 15-35; *see* 5 C.F.R. § 1201.115. Regarding the appellant's assertions in his reply to the agency's response to his petition for review about a May 2021 proposed removal and whistleblower reprisal complaint, those matters are not at issue in this appeal.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.